## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

Stanley Delano Lum

Defendant

Criminal Complaint

CASE NUMBER: 07- 120M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about July 2, 2007 in the District of Delaware, Defendant Stanley Delano Lum did knowingly:

1) possess in and affecting interstate and/or foreign commerce, a firearm and ammunition, after having been convicted on or about February 9, 2004, in New Castle County Delaware Superior Court, of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section(s) 922(g)(1) and 924(a)(2);

2) possess with intent to distribute in excess of 5 grams of cocaine base, in violation of Title 21, United States Code, Section(s) 841(a)(1) and (b)(1)(B);

3) possess a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924 (c).

I further state that I am a Special Agent, Bureau of Alcohol Tobacco Firearms and Explosives and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

FILED
JUL - 2 2007

Scott C. Curley - S/A ATF
Scott C. Curley
Special Agent, ATF

Sworn to before me and subscribed in my presence,

July, 2nd 2007                    at         Wilmington, DE
Date                                           City and State

Honorable Gregory M. Sleet
Chief United States District Court Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF CRIMINAL COMPLAINT
## AGAINST STANLEY DELANO LUM

1. Your affiant is ATF Special Agent Scott C. Curley. Your affiant has been a law enforcement officer for over 5 years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, (ATF). During that time, my duties have included the investigation of federal and state firearms and narcotics offenses. Your Affiant has previously been a police officer and later police detective with the Pittsburgh Pennsylvania Bureau of Police from February 1992 to September 2001. During that time I was detailed as a Federally Deputized Task Force Officer to the Drug Enforcement Administration, (DEA) United States Department of Justice, from June 1997 to June 1999. As a DEA Task Force Officer, your affiant has received specialized training in drug law enforcement; to include the trafficking of controlled substances. During the course of your affiant's law enforcement career, your affiant has also received specialized law enforcement training on the investigation of firearms and narcotics offenses on numerous occasions. During the course of your affiant's law enforcement career, your affiant has participated in the seizure of over seven hundred firearms and has conducted numerous investigations of firearms and narcotics offenses, as well as numerous conversations about the facts and circumstances of firearms and narcotics offenses with the investigating officers of those firearms and narcotics offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on July 2, 2007, in the City of Wilmington, State and District of Delaware, as stated to your affiant by Wilmington Police Detectives with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant, STANLEY DELANO LUM from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction on or about February 9, 2004 for Attempt to Commit a Crime, a felony E, in the Superior Court for New Castle County, in and for the State of Delaware, and this conviction is for a crime punishable by imprisonment for a term exceeding one year.

5. Based upon information stated to me by a Wilmington, Delaware Police Detective who has personal knowledge of the below facts your affiant learned the following.

   a. On June 30, 2007, Wilmington Police Detectives applied for and received a Delaware State issued search warrant for a specified address in Wilmington, Delaware, 19802, from the Justice of the Peace, Court 20, located in the city of Wilmington Delaware.

   b. On July 2, 2007, Wilmington Police Detectives executed the Delaware State issued search warrant on that address in Wilmington, Delaware, 19802.

c. Pursuant to that search warrant, Wilmington Police Detectives located the defendant STANLEY DELANO LUMB in the middle second floor bedroom. Wilmington Police Detectives recovered the following in the middle second floor bedroom:

- one small zip lock baggie with a green plant like substance from the bed were LUM had been sleeping, believed to be marijuana by the Wilmington police Detectives.

- a clear plastic baggie containing 23 smaller knotted plastic baggie corners that each contained an off white chunky substance, believed to be cocaine base by the Wilmington Police Detectives was located in the dresser in the bed room. Wilmington Police Detectives weighed this at approximately 5 gross grams Detectives also recovered a ceramic plate with suspected cocaine base residue razor blades and small green and white plastic baggies, common paraphernalia for the distribution of illegal drugs as well as two identification cards for the defendant STANLEY LUM, one a Delaware State issued identification card and the other a Delaware State issued Department of Corrections card from this same drawer.

- A loaded Harrington and Richardson brand, model 732, six shot, .32 Smith and Wesson caliber, revolver was located along with a box for 50 rounds of Remington brand .32 S&W rounds. The box only contained a total of 43 rounds. These items were recovered by Wilmington Police Detectives from shaving kit that was on top of a totes styled container next to the bed, near the dresser.

- Wilmington police Detectives also located inside of a coat hanging on the closet door in that room another clear plastic sandwich baggie with an off white chunky substance, also believed to be cocaine base. Wilmington police Detectives weighed this at approximately 10 gross grams, bringing the total to approximately 15 gross grams of suspected cocaine based recovered from the room.

d. The suspected controlled substances were field tested by Wilmington Police Detectives for their respective illegal drugs and all presumptive tests yielded a positive result for the respective illegal drugs referenced in sub paragraph "c". Furthermore, your affiant believes based upon the lack of paraphernalia commonly used for the introduction of controlled substances into the body, the quantity and packaging of the illegal drugs, and the packaging and distribution equipment located in the dresser drawer, and his training and prior experience that LUM was distributing the controlled substances.

e. In a post Miranda statement, LUM made a taped confession to your affiant to being a convicted felon, the possession of the firearm, ammunition and illegal narcotics recovered in the second floor middle bedroom. LUM admitted to selling drugs since December of 2006 for extra money. LUM admitted to distributing approximately "an eight ball" approximately 1/8 of an ounce, or 3.5 grams a week in "Dimes" at $10.00 piece which is approximately .10 to .20 grams of cocaine base and profited approximately $150.00 per week. LUM further admitted that he possessed the firearm as protection. LUM admitted that he kept the gun because he was afraid that he might be robbed because of his sale of

illegal drugs, citing personal, past knowledge of such events.

6. I am an ATF Agent who has been expertly trained and experienced in determining the interstate nexus of firearms, and have been admitted as such in the United States District Court in and for the District of Delaware. Your affiant personally viewed the firearm and knows that the Harrington and Richardson, model 732, six shot, .32 Smith & Wesson caliber revolver was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce prior to its recovery by law enforcement in Delaware. Furthermore the recovered firearm is a firearm as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(3).

7. I am an ATF Agent who has been expertly trained and experienced in determining the interstate nexus of ammunition, and have been admitted as such in the United States District Court in and for the District of Delaware. Your affiant personally viewed the ammunition and knows that the .32 Smith & Wesson caliber ammunition, marked R-P 32 S&W was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the ammunition had crossed state lines prior to its possession in Delaware and such that the possession of that ammunition in Delaware affected interstate and/or foreign commerce prior to its recovery by law enforcement in Delaware. Furthermore the recovered ammunition is ammunition as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(17)(A).

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g)(1) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm and ammunition, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and 21 USC 841(a)(1)and(b)(1)(B) relating to possession with intent to distribute controlled substances, namely cocaine base in excess of 5 gram and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924 (c) and respectfully requests that the Court issue a Criminal Complaint charging those offenses.

_____ -S/A-ATF
Scott C. Curley
Special Agent, ATF

Sworn to and subscribed in my presence
this 2nd day of July, 2007

_____
Honorable Gregory M. Sleet
Chief United States District Court Judge
District of Delaware