IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-103-JJF |
| STANLEY LUM, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS**
**PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Stanley Lum, by and through his undersigned counsel, Edson A. Bostic, Federal Public Defender for the District of Delaware, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence obtained as a result of the illegal seizure and Mr. Lum's arrest on or about July 2, 2007, including all statements made during, or subsequent to, the illegal seizure and arrest.

In support of this motion, Mr. Lum submits as follows:[1]

1. On June 30, 2007, Wilmington police officers responded to a shooting in the area of 30th and North Madison Streets in the city of Wilmington, Delaware. Upon arrival, the officers found

---

[1] The facts contained in paragraphs 1-8 of this motion were taken from the Discovery. Mr. Lum cites these facts in his motion, but does not concede that the events transpired as stated by the arresting officers. Additionally, Mr. Lum notes that the discovery, which has been redacted, may contain additional information not included in this motion. Mr. Lum submits that an evidentiary hearing is needed to further develop the facts, which are determinative of this motion.

a male witness, and a male victim that had been shot in the hip.

2.      According to the officers, the witness stated that he and the victim were walking in the area of 30th and North Madison Street and saw two individuals arguing in the street.  Although the nature and sequence of events is not clear from the discovery, one of the individuals subsequently removed a gun from his waistband and fired approximately nine rounds in the direction of the witness and victim as they attempted to flee the scene.  One of the rounds struck an individual in the hip, and officers found nine bullet casings and several bullet fragments at the scene.

3.      Although not clear from the discovery, officers later interviewed the shooting victim, who provided a similar description of the shooting, and stated that he recognized the suspect but did not know his name.  The victim stated that the suspect's mother lived at 3001 N. Madison Street in Wilmington, Delaware, and that he had previously seen the suspect in front of that house.  The victim also provided a description of the suspect.

4.      After performing a public records check, officers discovered that Renee Payne was the owner of the residence, and that the residence's telephone number was registered to Ms. Payne and to Mr. Lum.  Officers conducted a DELJIS record check and discovered that Ms. Payne was Mr. Lum's mother.  The police did not locate any other individuals that resided at the residence.

5.      Officers applied for, and received, a search warrant for the residence based upon these facts.  Specifically, the search warrant identified the following property: (1) a .40 caliber firearm or ammunition; (2) any picture, identification, mail, papers, or other materials related to the possible identity of the owner's children; and (3) "the body of Stanley Lum DOB 02/09/85 for current photographs and/or fingerprints."  (A copy of the search warrant is attached hereto as Exhibit "A".)

6.      On July 2, 2007, officers executed the search warrant and found Julian Fisher in a

second-floor front bedroom. Officers secured Mr. Fisher, who was lying in bed, without incident, the officers alleged that they saw a clear, plastic ziplock bag containing numerous small, purple ziplock bags and Mr. Fisher's State of Delaware Department of Correction identification in plain view. Officers further alleged that they found a clear, plastic bag containing several large pieces of an off-white chunky substance, which later field tested positive for cocaine. Officers also alleged that they recovered clear plastic bags from under a couch and, a "Myweigh" digital scale that was sitting on top of the dresser. Finally, the officers also, allegedly found sandwich bags, latex gloves, a ceramic plate with a razor blade and a large piece of an off-white chunky substance in the dresser's drawer.

7. Officers found Mr. Lum sleeping in the middle second-floor bedroom, and claimed that he was tasered and taken into custody following a struggle. Officers alleged that they recovered a small ziplock bag containing a green, plant material from the bed in which Mr. Lum had been sleeping. Officers further alleged that they recovered a clear, plastic baggie with 23 baggie corners containing an off-white chunky substance, a ceramic plate with suspected cocaine residue, razor blades, green and white plastic baggies and two identification cards from a dresser in the bedroom. Officers also alleged that they recovered a loaded Harrington and Richardson model 732 six shot revolver, a .32 caliber Smith & Wesson revolver, box of rounds from a shaving kit near the dresser, and a plastic baggie with an off-white chunky substance from a coat that was hanging on a closet door in the bedroom. The suspected illegal drugs field tested positive for marijuana and cocaine.

8. Officers alleged that in a taped, post-<u>Miranda</u> statement, Mr. Lum admitted to being a convicted felon, possessing the firearms, ammunition and illegal narcotics, and to selling drugs.

9. On July 24, 2007, Mr. Lum was indicted for: (1) knowingly possessing with the intent

3

to distribute more than five grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) knowingly carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) knowingly possessing a firearm in and affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

10.     Herein, Defendant alleges that the warrant affidavit lacked probable cause, and that the alleged statement taken from Mr. Lum violated his rights under the Constitution and Miranda v. Washington, 384 U.S. 444(1966).

11.     The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV. There is a presumptive requirement that searches and seizures must be carried out pursuant to a warrant. See Katz v. United States, 389 U.S. 347, 357 ("[S]earches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment - subject only to a few specifically established and well-delineated exceptions.") (internal citations omitted).

12.     "One's home is sacrosanct, and unreasonable government intrusion into the home is 'the chief evil against which the wording of the Fourth Amendment is directed.'" United States v. Zimmerman, 277 F.3d 426 (3d Cir. 2002) (quoting Payton v. New York, 445 U.S. 573, 585 (1980)). In Zimmerman, the Third Circuit stated that the Fourth Amendment prohibits a general warrant, and that the magistrate must determine that there is a "fair probability that . . . evidence of a crime will be found in a particular place." Id. at 432 (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). The Court further stated that the "warrant must also describe things to be seized with sufficient

particularity and be 'no broader than the probable cause on which it is based.'" <u>Zimmerman</u>, 277 F.3d at 432 (quoting <u>United States v. Weber</u>, 923 F2d 1338 (9th Cir. 1991). <u>See also</u> <u>Steele v. United States</u>, 267 U.S. 498 (1925) (stating that a search warrant should leave "nothing . . . to the discretion of the officer executing the warrant."). Thus, the Fourth Amendment requires that probable cause must exist for each item listed in a search warrant, and each item must be particularly described. <u>United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars</u>, 307 F.3d 137, 148 (3d Cir. 2002).

13. Initially, based upon the totality of the circumstances, no probable cause existed for the issuance of the warrant. The information contained in the warrant affidavit, failed to establish a fair probability that evidence of a crime or the defendant would be found in the place identified. <u>United States v. Zimmerman</u> at 432.

14. Here, the search and seizure, moreover, exceeded the scope of the search warrant, which authorized the seizure of a .40 caliber firearm or ammunition, pictures or identification related to the identity of the residence owner's children, and Mr. Lum, for current photographs and/or fingerprints. Upon the discovery of suspected drug paraphernalia, the officers should have obtained an additional search warrant to expand their search for suspected drugs, and a reasonable officer would have known that the search of the room and seizure of evidence described above, went beyond the permissible scope of the search warrant. Because the officers' seizure of this evidence violated the Fourth Amendment, all such evidence must be suppressed in accordance with the "fruit of the poisonous tree doctrine" expressed in <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

15. Mr. Lum further submits that any alleged statements made during, or subsequent to, the illegal seizure and his unlawful arrest should be suppressed pursuant to the Fifth Amendment and

Miranda v. Washington, 384 U.S. 436, 444 (1966) (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement).

16. Mr. Lum reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of an evidentiary hearing in this matter.

**WHEREFORE,** Mr. Lum respectfully submits that this Court conduct an evidentiary hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all evidence obtained as a result of the illegal seizure and arrest on or about July 2, 2007, including all statements made during, or subsequent to, the illegal seizure.

        Respectfully submitted,

        /s/ Edson A. Bostic
        Edson A. Bostic
        Federal Public Defender
        Attorney for Stanley Lum

704 King Street, Suite 110
Wilmington, DE 19801
ecf_de@msn.com
(302) 573-6010

Dated: September 7, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-103-JJF |
| | : | |
| STANLEY LUM, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

**AND NOW**, this \_\_\_\_ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by law enforcement officials on or about July 2, 2007, and statements made by Defendant to law enforcement officials on or about July 2, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

                                                        **BY THE COURT:**

                                                        _____
                                                        Honorable Joseph J. Farnan, Jr.
                                                        United States District Court Judge

# EXHIBIT A

City of Wilmington
State of Delaware

IN THE
JUSTICE OF THE PEACE COURT 20
CITY OF WILMINGTON
STATE OF DELAWARE

IN THE MATTER OF:
Stanley Lum 02/09/85                    ) DAYTIME
3001 N. Madison St.                     ) SEARCH
Wilmington, DE 19802                    ) WARRANT AND
AND ANY AND ALL CURTILAGES              ) RETURN

NEW CASTLE COUNTY)
                 )  SS
STATE OF DELAWARE)

BE IT REMEMBERED, on this 30th DAY OF Jun 2007.

Before me, the Honorable Judge ▮ LóPEZ _____ personally appeared
Det. George Pigford who being by me duly sworn do depose and say: That there is reason to
believe and that they do believe that located in or near:

3001 N. Madison St. Wilmington, DE 19802

Which is owned or occupied by: **Renee Payne D.O.B. 09/08/50 and/or Stanley Lum D.O.B. 02/09/85.**
That there has been and/or is now and/or will be located and/or concealed property, articles,
Papers, or things, in or at on said person(s), place(s), and/or thing(s), or on the occupant(s)
Thereof namely:
  1. A .40 caliber firearm or ammunition.
  2. Any picture, identification, mail, papers, or other materials related to the possible
     identity of the owner's children.
  3. The body of Stanley Lum D.O.B. 02/09/85 for current photographs and/or
     fingerprints.

Which said property, articles, and/or things were, are or will be possessed and/or used, and/or
represent evidence of a violation of Delaware Criminal Code, **Title 11, Section 0613, Assault
1st**.
And, the facts tending to establish probable cause for believing that foregoing grounds
for the application exists as follows:

**SEE ATTACHED TEXT**

1. Your affiant can truly state that he is employed as a police officer by the City of Wilmington, and was acting in his official capacity on the date of this incident. Your affiant is currently assigned to the Criminal Investigations Division. This incident did occur in the City of Wilmington, County of New Castle, State of Delaware.

2. On 06/30/07 at approximately 0405 hrs. Wilmington Police responded to the area of 30th and N. Madison St.'s in reference to a shooting that had just occurred. When the police arrived they located an adult male witness and adult male victim who had been shot in the hip. Emergency Medical Services arrived and began to attend to the injured person while the witness gave the following description of events.

3. The witness stated that he and the victim, ▇▇▇▇▇▇▇, were walking in the area of 30th and N. Madison St.'s and observed two subjects arguing in the street. One of the subjects (later identified as the suspect) stated to the other subject, "Stop hanging in front of my moms house." ▇▇▇▇ recognized one of the subjects and said hello to same. The other subject, (unknown suspect) then turned his attention to ▇▇▇▇ and made a statement to the effect of, "Oh now that your boys are here you're gonna do something." ▇▇▇▇ responded that he had not problem with this suspect and then the suspect then removed a handgun from his waist band, moved closer to ▇▇▇▇, and put the gun against ▇▇▇▇ neck. ▇▇▇▇ said that he was not afraid of the gun and he then pushed the suspect to the ground. ▇▇▇▇ and the adult male witness then began to run south on Madison St. The suspect then shot approximately 9 rounds in the direction of the fleeing victim and witness. One of those rounds struck the ▇▇▇▇ in the hip causing a broken pelvis and internal bleeding. ▇▇▇▇ and the witness then were still running when ▇▇▇▇ realized that he had been hit. ▇▇▇▇ fell to the ground and told the witness to continue on and to call the police.

4. This investigator arrived at the scene and spoke to the witness who gave the same description of events. ▇▇▇▇ was transported to the Christiana Emergency Room and was unable to be interviewed until a later time.

5. Located at the scene were 9 spent .40 cal Winchester bullet casings and several fragments of fired bullets.

6. On 06/30/07 at approximately 1700 hrs., this investigator was able to interview ▇▇▇▇. ▇▇▇▇ gave the same description of events and stated that recognized the suspect who had shot him but he does not know his name. ▇▇▇▇ stated that he knows that the suspect's mother lives at 3001 N. Madison St., and he has seen the suspect in front of the house in the past. ▇▇▇▇ described the house both by address and description stating that the house had a handicapped ramp up to the front door. ▇▇▇▇ described the suspect as a black male, approximately 5'6" to 5'8" and 140-150 lbs., with a small mustache and longer hair. Goode stated that he would be able to identify the suspect if he saw him again.

7. Based on the information received from the victim, writer performed a public records check and identified the owner of 3001 N. Madison St. Wilmington DE as Renee Payne 09/08/50 with a registered phone number of 302-762-7917. Writer also perfomed a DELJIS check of motor vehicle records and learned that Payne has a registered address of 3001 N. Madison St. Renee Payne is listed as being disabled. Writer then performed a reverse phone number search and learned that this number is also registered to Stanely Lum BMN 02/09/85 Stanley Lum is listed as 5'8" tall and 150 Lbs. and has a home address of 3001 N. Madison St. Writer then checked DELJIS records for Stanley Lum and learned that his mothers name is Renee Payne. No other subjects were located that reside at 3001 N. Madison St.

8. Writer checked police records and could only find an outdated picture of Lum that is 4 years old.

9.  This investigator then checked the residence located at 3001 N. Madison St. and observed that the house does have a wheel chair ramp to the front door and is clearly marked as 3001 N. Madison St.

**WHEREFORE**, your affiant prays that a search warrant be issued authorizing the search of;

        **3001 N Madison St. Wilmington DE 19802**

In a manner prescribed by law in the Daytime hours.

SWORN TO, or subscribed this 30th Jun 2007

_____
Affiant
Det. ▮▮▮ Pigford
Wilmington Department of Police

_____
Justice of the Peace Court
City of Wilmington
State of Delaware

IN THE
JUSTICE OF THE PEACE COURT 20
CITY OF WILMINGTON
STATE OF DELAWARE

IN THE MATTER OF:

| | |
|---|---|
| Stanley Lum D.O.B. 02/09/85 | ) DAYTIME |
| 3001 N. Madison St. | ) SEARCH |
| Wilmington, DE 19802 | ) WARRANT AND |
| AND ANY AND ALL CURTILAGES | ) RETURN |

**THE STATE OF DELAWARE TO:** Det. George Pigford, with the assistance of any police officer or constable or any other necessary or proper person(s) assistance.

**GREETINGS;** Upon the annexed affidavit and application or complaint for a search Warrant, as I am satisfied that there is probable cause to believe that in or at;

3001 N. Madison Street WILMINGTON, DE 19802

Certain property namely;
1. A .40 caliber firearm or ammunition.
2. Any picture, identification, mail, papers, or other materials related to the possible identity of the owner's children.
3. The body of Stanley Lum D.O.B. 02/09/85 for current photographs and/or fingerprints.

Which said property, articles, papers, or things were, are, or will be used and/or possessed and/or represents evidence of a violation of the Delaware Criminal Code, **Title 11, Section 0613, Assault 1st.**

**NOW, THEREFORE, YOU ARE HEREBY COMMANDED,** within ten days of the Date hereof to search the above named person(s), place, or thing for the property specified in the annexed affidavit and application, which is hereby incorporated herein by reference, and serving this warrant in the daytime, if the property, papers, articles or things of any part thereof, be found here, to seize it, prepare a written inventory of the property seized, and to return the property and his warrant to me forthwith, with the written inventory and the person(s) in whose custody or possession the property was found, to be dealt with according to the law.

DATED THIS 30th DAY OF JUN

_____
Justice of the Peace Court 20