IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,     :
                                :
           Plaintiff,        :
                                :
     v.                   :       Criminal Action No. 07-103-JJF
                                :
STANLEY LUM,           :
                                :
           Defendant.    :

## DEFENDANT'S SUPPLEMENTAL MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

       Defendant, Stanley Lum, directs undersigned counsel, Edson A. Bostic, Federal Public Defender, District of Delaware, to file the herein Supplemental Motion to Suppress Physical Evidence.

       In support thereof, Mr. Lum avers as follows:

       1.      On or about September 7, 2007, the Defendant filed a Motion to Suppress Physical Evidence and Statements..

       2.      On or about December 17, 2007, the parties appeared before this Court for a hearing on Defendant's motion to suppress.  However, because of issues concerning the information placed in the search warrant affidavit, Mr. Lum requested that this Court allow additional time for the filing of a supplemental motion based upon Franks v. Delaware.

       3.      In the interim, Counsel has obtained additional police reports from the government and has provided the Defendant with a copy of same and discussed those reports with him. Defendant now directs Counsel to file the instant motion based upon the following allegations:

     a.    the affidavit failed to include facts known to the Detectives that may have negated probable cause;

     b.    the warrant affidavit contains intentionally misleading information, including that one of the subjects involved in a shooting incident stated "stop hanging in front of my moms house;"

     c.    the victim informed police that he recognized the suspect who had shot him...[and] he knows that the suspect's mother lives at 3001 N. Madison Street;

     d.    t the police intentionally failed to include in the warrant affidavit that the suspect told them the individual who shot him was a light-skinned, black male about 5'7", 120 lbs.

4.    Additionally, Defendant asserts that the affidavit in support of the search warrant contained material misstatements and improper presentation of facts to support probable cause due to the fact that the affidavit for the search warrant neglected to state facts that would not have supported the issuance of a search warrant.

5.    The government provided discovery and hand-written notes which includes some of the information set forth above, but which conflicts with other information contained in other police reports.  (A copy of this discovery is attached as Exhibits "A" and "B".)

6.    Counsel is asking the Court to review Exhibits A and B, attached hereto, as well as the warrant affidavit attached to the initial motion to suppress physical evidence and statements, so that it may determine whether a Franks hearing is required in this matter.

7.    In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court held as follows:

"where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.  In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

Id. at 155-156.

8.      In determining the sufficiency of an affidavit in support of a search warrant, a "totality of the circumstances" standard is applied.  United States v. Jewell, 60 F.3d 20, 23 (1st Cir. 1995).  To assess whether a search warrant was legally issued, there must have been facts presented to a magistrate which rise to a level of probable cause when viewing the evidence under a totality of the circumstances analysis.  Id.

9.      The affidavit failed to establish the requisite probable cause as a matter of law to support issuance of the search warrant, and the warrant to search 3001 N. Madison Street, Wilmington, Delaware, was issued in violation of Franks.  Therefore, all evidence obtained from the search must be suppressed.

**WHEREFORE**, Mr. Lum respectfully requests that this Court review the enclosed evidence and determine whether a hearing under <u>Franks v. Delaware</u>, is required.

Respectfully submitted,

/s/
EDSON A. BOSTIC
Federal Public Defender

Attorney for Stanley Lum

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: January 22, 2008

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-103-JJF |
| | : | |
| STANLEY LUM, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

**AND NOW**, this _____ day of _____, 2008, upon consideration of the Defendant's

Supplemental Motion to Suppress Physical Evidence and Statements, and the Government's response

thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by law enforcement officials on or about July 2, 2007, and

statements made by Defendant to law enforcement officials on or about July 2, 2007, are hereby

**SUPPRESSED**.  Such physical evidence and statements shall be inadmissible, for any purpose, by

the Government.

**BY THE COURT:**

_____
Honorable Joseph J. Farnan, Jr.
United States District Court Judge

# EXHIBIT A

| Page: 1 | Report Date: 07/31/2007 | Agency: WILMINGTON PD | Complaint: 30-07-058920 |

## Supplemental Report

| Original Occurrence Dates and Times: SAT 06/30/2007 0405 | Grid 020-500 | Sector 14 |

| Original Location: 30TH AND MADISON STREET |

## Victim Information

| Victim Number 002 | Name |

| Type Society/Public | Sex Male | Race | | Ethnic Origin | Age | D.O.B. |

| Address | | | Resident Status | Home Telephone | Cell Phone | |

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |

| Injuries | Description of Injuries |

## Suspect/Defendant Information

| Sequence 001 | Type Suspect | SBI Number | Name FISHER, JULIAN D | Nick Name |

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 002 | Statute DE:11:0636:00a1:F:A | Crime Description Murder First Degree Intentionally Caused Death of Another Person |
| Location Of Offense Highway/Roadway/Alley/Street | | Status Pending-Active | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense ATPT - Attempt to Commit |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 09034A - Attempt Homicide - Willful Kill - Non-Family - Gun or Firearm | | |
| Weapon/Force Used Automatic Handgun | Assault Factor Argument | | |
| M.O. Information | MO Class Suspect's General Actions | MO Description SHOT AT VICTIM 8 TIMES, HITTING SAME TWI | |

| Victim Number 002 | Crime Seq 003 | Statute DE:11:1447:A00A:F:B | Crime Description Possession of a Firearm During the Commission of a Felony |
| Location Of Offense Highway/Roadway/Alley/Street | | Status Pending-Active | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 5202 - Carrying a Concealed Deadly Weapon/Deadly Instrument/CCDW/CCDI | | |
| Criminal Activity Possessing/Concealing | Weapon/Force Used Automatic Handgun | | |

| Victim Number 002 | Crime Seq 004 | Statute DE:11:1448:000B:F:D | Crime Description Possession of a Deadly Weapon (Firearm) By Person Prohibited |

| Reporting Officer CPL PIGFORD - | Supervisor Approval ROBERT E DONOVAN | Date 08/31/2007 |

00000095

| Page: 2 | Report Date: 07/31/2007 | Agency: **WILMINGTON PD** | | Complaint: **30-07-058920** |
|---|---|---|---|---|

## Crimes and Associated Information

| Location Of Offense **Highway/Roadway/Alley/Street** | Status **Pending-Active** | Involvement ☐ Alcohol ☐ Drugs ☐ Computer | General Offense |
|---|---|---|---|
| Suspected Hate/Bias ☐ Yes ☒ No - N/A | Crime Code **5202 – Carrying a Concealed Deadly Weapon/Deadly Instrument/CCDW/CCDI** | | |
| Criminal Activity **Possessing/Concealing** | Weapon/Force Used **Automatic Handgun** | | |

| Victim Number **002** | Crime Seq **005** | Statute **DE:11:1442:0000:F:G** | Crime Description **Carrying a Concealed Deadly Weapon** |
|---|---|---|---|

| Location Of Offense **Highway/Roadway/Alley/Street** | Status **Pending-Active** | Involvement ☐ Alcohol ☐ Drugs ☐ Computer | General Offense |
|---|---|---|---|
| Suspected Hate/Bias ☐ Yes ☒ No - N/A | Crime Code **5202 – Carrying a Concealed Deadly Weapon/Deadly Instrument/CCDW/CCDI** | | |
| Criminal Activity **Possessing/Concealing** | Weapon/Force Used **Automatic Handgun** | | |

## Victim - Suspect/Defendant Relationships

| | Suspect/Defendant - 001 **FISHER,** | Victim Offender Relationship **Stranger** |
|---|---|---|
| Victim - 002 **Society/Public** | Suspect/Defendant - 001 **FISHER,** | Victim Offender Relationship **Victimless Crime** |

## Investigative Narrative

Your affiant can truly state that he is employed as a police officer by the City of Wilmington, and was acting in his official capacity on the date of this incident. Your affiant is currently assigned to the Criminal Investigations Division. This incident did occur in the City of Wilmington, County of New Castle, State of Delaware.

On 06/30/07 The Wilmington Police responded to the area of 30th and N. Madison St.'s reference a shooting that had just occurred. The officers located an adult male victim who had been shot twice, once in the abdomen and once in the buttocks. The victim was transported to the Wilmington Hospital for treatment. The officers then located an adult male witness. This witness stated that he and the victim had been walking in the area of 30th and N. Madison St.'s when they observed two male subjects arguing in the street. The witness stated that he overheard the suspect say to the other male, "Get the fuck away from my aunts' house." The witness then said that the victim said hello to one of the male subjects and the other male then said to the victim, "What the fuck you looking at?", "What the fuck you gonna do?" This suspect then displayed a handgun and pointed it at the victim. The suspect then put the gun to the neck of the victim and continued to make verbal threats. The victim pushed the suspect away, hard enough to cause him to fall to the ground. The victim then began to run. The suspect then shot eight(8) .40 cal rounds at the victim as he fled. The victim was struck twice by the suspect's .40 cal bullets. The victim sustained a gun shot to the abdomen and the buttocks. The victim was admitted to the hospital and required emergency surgery because of the damage to his abdomen.

Your affiant was able to interview the victim a day later. The victim gave the same account of the events from the previous night. The victim also stated that before the shots were fired, he had heard the suspect and the other male arguing and heard the suspect say something like 'get the fuck away from my mom's house.' The victim also stated that he has seen the suspect before and can definitely identify him. The victim stated that he believes that the suspect either lives at 3001 N. Madison St. or has family there. The victim described the house with a wheel chair ramp in front.

On 07/02/07 Wilmington Police Detectives executed a search warrant at 3001 N. Madison St. Located inside were two male suspects, Stanley Lum and ▓ Fisher. Fisher was located asleep in a bedroom. Also in the bedroom were 33 grams of cocaine, packaging material / apparatus, and Fisher's Identification. Some of the narcotics were in plain view and immediately next to Fisher. Also located inside the residence was the owner ▓ Payne, who is bedridden and confined to a hospital bed on the first floor of the residence. ▓ Payne is the mother of Stanley Lum.

| Reporting Officer **CPL PIGFORD** – ▓ | Supervisor Approval **ROBERT E DONOVAN OJWIRED** Date 08/31/2007 ▓ |
|---|---|

| Page: 3 | Report Date: 07/31/2007 | Agency: WILMINGTON PD | | Complaint: 30-07-058920 |
|---|---|---|---|---|

## Investigative Narrative - Continued

On 07/02/07 Fisher was charged with the appropriate narcotics offenses.  Fisher was interviewed and stated that he does not live at 3001 N. Madison St. but that he regularly stays there because he and Lum are friends.  Fisher stated that lives at ▮▮▮▮▮▮▮▮▮▮

Your affiant checked the arrest records for Fisher and Lum and saw that they were arrested together in 2003 for an Attempted Murder for which both plead guilty to the lesser offense of Attempting to Commit Crime Felony E., and the two have remained close friends since.

Fisher is a felon and is prohibited from possessing a weapon because on 01/12/04 Fisher plead guilty to 11/0531 Attempt to Commit a Felony Crime F/E in Superior Court in front of Judge Richard Gebelein, IN03091085.

On 07/12/07 your affiant spoke to the victim and displayed a photo line-up that contained a picture of Stanley Lum.  The victim stated that he recognized Lum from being around the area of 30th and N. Madison St. but that he did not shoot him.

On 07/20/07 your affiant again met with the victim and showed same a photo line-up that contained a picture of ▮▮▮▮ Fisher and the victim positively identified same as being the suspect who had shot him on 07/02/07.

| Reporting Officer CPL PIGFORD - | | | Supervisor Approval ROBERT E DONOVAN ▮▮▮ Date 08/31/2007 ▮▮ | | |
|---|---|---|---|---|---|
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M. O. ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Described | Status Has Follow Up |

| | Report Date: 06/30/2007 | Agency: WILMINGTON PD | | Complaint: 30-07-058920 |
|---|---|---|---|---|

| Date and Time 06/30/2007  0609 | Initial Crime Report | Occurred: SAT  06/30/2007  0405 |
|---|---|---|

**Location:**
**30TH AND MADISON STREET**

**M.O. and Incident Overview:**
V1 SHOT TWICE BY UNKNOWN SUSPECT.

| Grid 020-500 | Sector 14 | County New Castle | Domestic Related ☐Yes ☒No | Gen Broadcast Sent? ☐Yes ☒No | Gang Related? ☐Yes ☒No |
|---|---|---|---|---|---|

## Victim Information

## Suspect/Defendant Information

| Sequence 001 | Type Unknown | SBI Number | Name | | | Nick Name | |
|---|---|---|---|---|---|---|---|
| Sex Male | Race Black | Ethnic Origin Unknown | Age | D.O.B. | Height 5' 06" to 5' 08" | Weight 150 to 165 | Skin Tone |  Eye Color |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build Thin | Glasses |
|---|---|---|---|---|---|---|---|

| Disguise | Disguise Color(s) | Resident Status Unknown | Unusual Characteristics | Armed With Automatic Handgun |
|---|---|---|---|---|

| Address | Home Telephone | Cell Phone |
|---|---|---|

| Arrest Number | Suspect's Clothing Description WHITE SLEEVELESS SHIRT, BLUE JEANS...N.F.D. |
|---|---|

| Suspect Vehicle | Vehicle Type Passenger Car | | Year 1997 | Make and Model or Brand FORD   CROWN VICTORIA |
|---|---|---|---|---|
| | State DE | License | Exp. Year | Body Style | Color(s) Gray |
| | Identifying Characteristics GREY, 1997-2000 FORD CROWN VICTORIA. | | | |

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute | Crime Description Miscellaneous Investigation, Industrial Accident, Lost Property |
|---|---|---|---|
| Location Of Offense Highway/Roadway/Alley/Street | | Status Pending-Inactive | Involvement ☐Alcohol  ☐Drugs  ☐Computer | General Offense |
| Suspected Hate/Bias ☐Yes  ☒No - N/A | Crime Code 8198 – Miscellaneous Investigation | | | |

## Victim - Suspect/Defendant Relationships

## Witness Information

## Investigative Narrative

ON THE ABOVE DATE AND TIME,  WHILE ASSIGNED AS ███( KAVANAGH / HOLDEN)  RESPONDED TO THE ABOVE LOCATION IN REFERENCE TO A SHOOTING.  UPON ARRIVAL,  THIS UNIT MADE CONTACT WITH RP/W1 ( █████████████  WHO INDICATED THE SHOOTING SCENE WAS AT 30TH AND MADISON ST. THIS UNIT TRANSPORTED RP TO SAME LOCATION AND IMMEDIATELY IDENTIFIED (9) FULL JACKETS AND (6) FRAGMENTS (40 CAL. S&W WINCHESTER )CASINGS ON THE SOUTH WEST CORNER OF THE INTERSECTION.  THIS UNIT THEN ESTABLISHED A SHOOTING SCENE AND TAPED OFF THE IMMEDIATE INTERSECTION OF 30TH AND MADISON.  E.D.U. AND DETECTIVES WERE NOTIFIED AND ENROUTE FOR CRIME SCENE PROCESSING ( SEE SUPPLEMENT). SHIFT SUPERVISOR WAS NOTIFIED AND ON SCENE AS WELL.  UPON INTERVIEW,  RP STATED WHILE WALKING SOUTH ON MADISON ST. WITH V1 (████████████████████████,  THEY WERE

| Reporting Officer PTLM KAVANAGH  - ███ | Supervisor Approval MICHAEL RODRIGUEZ ███  Date 07/01/2007 ███ |
|---|---|

| Report Date: 06/30/2007 | Agency: WILMINGTON PD | Complaint: 30-07-058920 |
|---|---|---|

## Investigative Narrative - Continued

APPROACHED BY S1( B/M, LIGHT SKIN, APPROX. 5'7"-5'9" N.F.D.) WHO STATED " WHAT THE FUCK YOU LOOKING AT?", " WHAT THE FUCK YOU GONNA' DO?" S1 THEN DISPLAYED A BLK IN COLOR SEMI- AUTOMATIC HAND GUN ( N.F.D.), AND POINTED SAME TO THE HEAD OF V1. V1 THEN PUSHED S1 AWAY AND THEN BEGAN RUNNING SOUTH ON MADISON ST. S1 THEN SHOT APPROX. EIGHT TIMES IN THE DIRECTION OF V1, STRIKING SAME, ONCE IN THE RIGHT UPPER BUTTOCKS, AND ONCE IN THE LEFT LOWER ABDOMEN. S1 THEN FLED THE SCENE IN A 1997-2001, GREY IN COLOR, FORD CROWN VICTORIA (N.F.D.) SOUTHBOUND ON MADISON STREET. RP WAS UNAWARE OF ANY OTHER SUSPECTS IN THE VEHICLE. RP WAS UNABLE TO IDENTIFY A REGISTRATION NUMBER OR ANY DISTINGUISHING FEATURES OR MARKS ON THE SUSPECT VEHICLE. V1 WAS TRANSPORTED TO CHRISTIANA HOSPITAL WHERE HE WAS TREATED FOR THE ABOVE STATED INJURIES BY DOCTOR ███████. AN AREA SEARCH FOR FURTHER WITNESS' AND SUSPECT VEHICLE WAS CONDUCTED WITH NEGATIVE RESULTS.

| Reporting Officer PTLM KAVANAGH - ████ | | | Supervisor Approval MICHAEL RODRIGUEZ ████ Date 07/01/2007 ████ | | |
|---|---|---|---|---|---|
| Detective Notified | | Referred To | | | |
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M.O. ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Identified | Status Has Follow Up |

## Initial Crime Report

| Reported Date and Time | | |
|---|---|---|
| MON 07/02/2007 0605 | MON | 2/2007 0605 |

Location:
3001 N madison ST    Wilmington, DE 19802

M.O. and Incident Overview:
The below named suspects were located during the execution of a search warrant and found to be in possession of narcotics and a handgun.

| Grid | Sector | County | Domestic Related | 4-F-14 Sent? | Gen Broadcast Sent? |
|---|---|---|---|---|---|
| 020-500 | 14 | New Castle | ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No |

## Victim Information

| Victim Number | Name |
|---|---|
| 001 | |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|
| Society/Public | | | | | |

| Address | Resident Status | Home Telephone | Cell Phone |
|---|---|---|---|
| | | | |

| Reporting Person? | Victim Injured? | Victim Deceased? |
|---|---|---|
| ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No |

## Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 001 | Defendant | 00477431 | FISHER, JULIAN D | |

| Sex | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | Black | Non-Hispanic | 23 | 01/12/1984 | 5' 07" | 200 | Medium Brown | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | | | | | | Average | |

| Disguise | Disguise Color(s) | Resident Status | Unusual Characteristics | Armed With |
|---|---|---|---|---|
| | | Full Time | | Unarmed |

| Address | Home Telephone | Cell Phone |
|---|---|---|
| 606 W 30th ST Wilmington, DE 19802 | | |

| Employer/School | Work Telephone |
|---|---|
| CONCORD HIGH SCHOOL | () 761-9891 |

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 002 | Suspect | 00510590 | LUM, STANLEY D | |

| Sex | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | Black | Non-Hispanic | 22 | 02/09/1985 | 5' 08" | 150 | Medium | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Black | | | | | | | |

| Disguise | Disguise Color(s) | Resident Status | Unusual Characteristics | Armed With |
|---|---|---|---|---|
| | | Full Time | | Handgun |

| Address | Home Telephone | Cell Phone |
|---|---|---|
| 3001 N madison ST Wilmington, DE 19802 | | |

## Crimes and Associated Information

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 001 | DE:16:4753:AA2A:F:B | Trafficking in Cocaine 10 Grams to 50 Grams |

| Location Of Offense | Status | Involvement | General Offense |
|---|---|---|---|
| Residence/Home/Garage | Adult Arrest 07/02/2007 | ☐Alcohol ☒Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 3553 – Cocaine/Trafficking |

| Criminal Activity |
|---|
| Distributing/Selling |

| Drugs | Property Category | Quantity | Drug Measure | Drug Type | Date Seized |
|---|---|---|---|---|---|
| | Drugs/Narcotics | 33.3 | Gram | Crack Cocaine | |

Extended Description
ONE CLEAR KNOTTED PLASTIC BAG CONTAINING A WHITE CHUNKY SUBSTANCE AND ONE LOOSE PIECE OF A WHITE CHUNKY SUBSTANCE, ALL FIELD TESTED POSITIVE FOR COCAINE. TOTAL WEIGHT 33.0 GRAMS.

| Evidence Information | Evidence Type | Date Collected | Time Collected | Collected By |
|---|---|---|---|---|
| | Drugs/Narcotics | 07/02/2007 | 0605 | |

| Address | Other Location |
|---|---|
| 3001 N madison ST Wilmington | |

| Type of Processing | Disposition |
|---|---|
| | |

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 002 | DE:16:4771:000a:M:A | Possession of Drug Paraphernalia |

| Location Of Offense | Status | Involvement | General Offense |
|---|---|---|---|
| Residence/Home/Garage | Adult Arrest 07/02/2007 | ☐Alcohol ☐Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 3598 – Possession of Drug Paraphernalia |

| Reporting Officer | Pending Supervisory Review: |
|---|---|
| CPL PIGFORD | |

00000001

# EXHIBIT A1

Crimes and Associated Information

| Criminal Activity |
|---|
| **Distributing/Selling** |

| Drugs | Property Category | | Quantity | Drug Measure | Drug Type | | | Date Seized |
|---|---|---|---|---|---|---|---|---|
| | **Drug/Narc Equipment** | | | | | | | |

| Evidence Information | Extended Description | | | | | |
|---|---|---|---|---|---|---|
| | ONE BOX OF LATER GLOVES, ONE PLASTIC ZIPLOCK BAG CONTAINING NUMEROUS CLEAR PLASTIC ZIPLOCK BAGS. | | | | | |
| | Evidence Type | Date Collected | Time Collected | Collected By | | |
| | **Drugs/Narc Equipment** | 07/02/2007 | 0605 | | | |
| | Address | | Other Location | | | |
| | 3001 N madison ST Wilmington | | | | | |
| | Type of Processing | | | Disposition | | |

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 003 | DE:11:1448:00a1:F:D | **Poss Purch Own or Control of a Firearm or Ammunition by a Person Prohibited Prior Violent Crime Felony** |

| Location Of Offense | | Status | | Involvement | | General Offense |
|---|---|---|---|---|---|---|
| **Residence/Home/Garage** | | | | ☐ Alcohol ☐ Drugs ☐ Computer | | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | **5202 - Carrying a Concealed Deadly Weapon/Deadly Instrument/CCDW/CCDI** |

| Criminal Activity | Weapon/Force Used |
|---|---|
| **Possessing/Concealing** | **Handgun** |

| Evidence Information | Evidence Type | Date Collected | Time Collected | Collected By |
|---|---|---|---|---|
| | **Firearms** | 07/02/2007 | 0605 | |
| | Address | | Other Location | |
| | 3001 N madison ST Wilmington | | | |
| | Type of Processing | | Disposition | |

| Item Type | Brand | Serial Number | Caliber | Firearm Inlay | Color |
|---|---|---|---|---|---|
| Pistol, Revolver | Harrington & Richardson | AL49581 | | ☐Yes ☒No - N/A | Blue |

## Investigative Narrative

1.    Your affiant can truly state that he is employed as a police officer by the City of Wilmington, and  was acting in his official capacity on the date of this incident.  Your affiant is currently assigned to the Criminal Investigations Division.  This incident did occur in the City of Wilmington, County of New Castle, State of Delaware.

2.    07/02/07 Wilmington Police Detectives executed a J.P. Court #20 search warrant at 3001 N. Madison St. Wilmington DE.  During this search warrant two adult male suspects were locate and detained while the search of the residence was completed.

3.    Located in a second floor front bedroom, (east side Bedroom), alone was S-1(Fisher, Julian ▮▮▮▮▮▮.  Also located in the bedroom, laying on the only bed.  Fisher was secured without incident.  Immediately in plain view of the officers was a clear plastic ziplock containing numerous small purple plastic ziplock bags.  A State of Delaware Department of Correction identification card in the name of Fisher, Julian was also located immediately next to the small purple bags.  Fisher was removed from the bed and located between where Fishers head was laying and the wall immediately next to him was a clear plastic bag containing several large pieces of an off-white chunky substance, which later field tested positive for cocaine.  Weight 27.0 grams.   Also located in the room, under a couch along the south wall, was a clear plastic bag that contained numerous clear plastic bags.  On top of the dresser, along the east wall, was a black in color was a 'Myweigh' digital scale.  In the second drawer of the dresser was a white ceramic plate with a razor blade and a large piece of an off-white chunky substance on same.  Weight 6.0 grams.  Also in the drawer were two boxes of sandwhich bags and box of white latex gloves.  Located in the drop ceiling tile was a 'American Weigh' digital scale.   Also located in the room was $41.00 U.S.C.  which was not seized.  All of the non-narcotic evidence is commonly used to package narcotics for sale and was seized and tagged as evidence.  The off-white chunky substance, total weight 33.0 grams, was seized and tagged as evidence.   It should be noted that the room where Fisher was located is not normally occupied by anyone and contained only male clothing, the body of Fisher, and his identification.

| Reporting Officer | Pending Supervisory Review: |
|---|---|
| **CPL PIGFORD** | |

Investigative Narrative - Continued

Located in the middle second floor bedroom was Stanley Lum 02/09/65. Lum was located sleeping in the only bed in the room which was located on the north side wall. Lum was taken into custody after a struggle when he refused to show his hands or to allow himself to be handcuffed. Lum was finally taken into custody after being struck by a Tazer by Ofc. Kaiser.   Located in the bed under Lum was one small ziplock bag containing a green plant material,  weight 1.0 gram, that later field tested positive for marijuana. Located in the dressser, on the east wall south of the bed, inside right side middle level drawer was a clear plastic bag that contained 23 smaller knotted plastic bags that each contained a white chunky substance, weight 5 grams.  Also in the drawer was a ceramic plate and razor blade with cocaine residue on same and another plastic bag that contained small multicolored bags (green and white) bags, that are commonly used to package narcotics for sale.  Also in the same drawer were two identification cards in the name od Stanley Lum, one State of Delaware I.D. and a Department of Correction I.D.    Next to the bed was a totes container and on top of same was a blue shaving kit type bag that contained loaded .32 H & R caliber revolver, serial number AL49581 and a partial box of .32 cal ammunition.  Also located int he room, hanging on the closet door was a back jacket, and inside the upper left breast pocket was one clear plastic bag that contained a white chunky substance that later field tested positive for cocaine.  Weight 10 grams.   Total weight of cocaine seized from the room of Lum, 15 grams, and same was tagged as evidence.   All of the non-narcotic property is commonly used to package narcotics for sale and was seized and tagged as evidence.   It should be noted that Lum is a convicted felon and therefore prohibited from possessing a firearm because on

| Reporting Officer CPL PIGFORD | | | Pending Supervisory Review: | | |
|---|---|---|---|---|---|
| Detective Notified | | Referred To | | | |
| Solvability Factors | ☐ Witness ☐ Suspect Located | ☐ M. O. ☐ Suspect Described | ☐ Trace Stolen Property ☐ Suspect Identified | ☐ Suspect Named ☐ Suspect Vehicle Identified | Status |

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Report of Investigation**

| Title of Investigation: Stanley Delano LUM | ▮▮▮▮▮▮▮ | Report Number: 1 |
|---|---|---|

## SYNOPSIS:

On July 2, 2007, STANLEY DELANO LUM was arrested by Wilmington Delaware police for firearms and narcotics violations. As is protocol under operation FED-UP, Wilmington police contacted ATF for prosecution in Federal District Court in and for the District of Delaware

## NARRATIVE:

1. On July 2, 2007, STANLEY DELANO LUM was arrested by Wilmington Delaware police for firearms narcotics violations. As is protocol under operation FED-UP, Detective ▮▮▮ Pigford contacted S/A ▮▮▮ Curley for prosecution of LUM in Federal District Court in and for the District of Delaware on Federal firearms and drug charges.

2. On June 30, 2007, Wilmington Police Detectives applied for and received a Delaware State issued search warrant for a specified address in Wilmington, Delaware, 19802, from the Justice of the Peace, Court 20, located in the city of Wilmington Delaware.

3. On July 2, 2007, Wilmington Police Detectives executed the Delaware State issued search warrant on that address in Wilmington, Delaware, 19802.

4. Pursuant to that search warrant, Wilmington Police Detectives located the defendant STANLEY DELANO LUM in the middle second floor bedroom. Wilmington Police Detectives recovered the following in the middle second floor bedroom:

   o One small zip lock baggie with a green plant like substance from the bed were LUM had been sleeping, believed to be marijuana by the Wilmington police Detectives.

   o A clear plastic baggie containing 23 smaller knotted plastic baggie corners that each contained an off white chunky substance, believed to be cocaine base by the Wilmington Police Detectives was located in the dresser in the bed room. Wilmington Police Detectives weighed this at approximately 5 gross grams Detectives also recovered a ceramic plate with suspected cocaine base residue razor blades and small green and white plastic baggies, common paraphernalia for the distribution of illegal drugs as well as two identification cards for the defendant STANLEY LUM, one a Delaware State issued identification

| Prepared by: ▮▮▮ Curley | Title: Special Agent, Wilmington Field Office | ▮▮▮ | Date: 7-11-07 |
|---|---|---|---|
| Authorized by: ▮▮▮ Young | Title: Resident Agent in Charge, Wilmington Field Office | | Date: 7/11/07 |
| Second level reviewer (optional): ▮▮▮ Gant | Title: Special Agent in Charge, Baltimore Field Division | Signature | Date: |

ATF EF 3120.2 (10-2004)
For Official Use Only

00000004

| Title of Investigation: Stanley Delano LUM | Invest. Number [redacted] | Report Number: 1 |

card and the other a Delaware State issued Department of Corrections card from this same drawer.

o A loaded Harrington and Richardson brand, model 732, six shot, .32 Smith and Wesson caliber, revolver was located along with a box for 50 rounds of Remington brand .32 S&W rounds. The box only contained a total of 43 rounds. These items were recovered by Wilmington Police Detectives from shaving kit that was on top of a totes styled container next to the bed, near the dresser.

o Wilmington police Detectives also located inside of a coat hanging on the closet door in that room another clear plastic sandwich baggie with an off white chunky substance, also believed to be cocaine base. Wilmington police Detectives weighed this at approximately 10 gross grams, bringing the total to approximately 15 gross grams of suspected cocaine based recovered from the room.

5. The suspected controlled substances were field tested by Wilmington Police Detectives for their respective illegal drugs and all presumptive tests yielded a positive result for the respective illegal drugs.

6. S/A Curley reviewed the computer criminal history information for STANLEY DELANO LUM from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction on or about February 9, 2004 for Attempt to Commit a Crime, a felony E, in the Superior Court for New Castle County, in and for the State of Delaware, and this conviction is for a crime punishable by imprisonment for a term exceeding one year.

7. In a post Miranda statement, LUM made a taped confession to S/A Curley and Detective Pigford. In this statement LUM admitted to being a convicted felon, the possession of the firearm, ammunition and illegal narcotics recovered in the second floor middle bedroom. LUM admitted to selling drugs since December of 2006 for extra money. LUM admitted to distributing approximately "an eight ball" which S/A Curley knows to be approximately 1/8 of an ounce, or 3.5 grams of cocaine. LUM explained that he would sell it in "Dimes". Again S/A Curley knows that this is a $10.00 piece which is approximately .10 to .20 grams of cocaine base. LUM stated that he had profited approximately $150.00 per week in the process.

8. LUM further admitted that he possessed the firearm for his protection. LUM admitted that he kept the gun because he was afraid that he might be robbed because of his sale of illegal drugs, citing that he used to rob drug dealers in the past because it was "a victimless crime" and nobody ever called the police regarding these types of robberies.

9. S/A Curley personally viewed the firearm and knows that the Harrington and Richardson, model 732, six shot, .32 Smith & Wesson caliber revolver was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce prior to its recovery by law enforcement in Delaware. Furthermore the recovered firearm is a firearm as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(3).

10. S/A Curley also personally viewed the ammunition and knows that the .32 Smith & Wesson caliber ammunition, marked R-P 32 S&W was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the ammunition had crossed state lines prior to its possession in Delaware and such that the possession of that ammunition in Delaware affected interstate and/or foreign commerce prior to its recovery by law enforcement in Delaware. Furthermore the recovered ammunition is ammunition as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(17)(A) .

ATF EF 3120.2 (10-2004)
For Official Use Only

00000005

# EXHIBIT A2

Title of Investigation:
Stanley Delano LUM

Report Number:
1

11. S/A Curley then filed a Federal Criminal Complaint for violation of 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce ammunition, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, 21 U.S.C 841 (b)(1)(B) manufacture and distribution of excess of 5 grams of cocaine base and 18 USC 924(c) possess a firearm in furtherance of drug trafficking. Assistant United States Attorney Robert Prettyman of the United States Attorney's Office for the District of Delaware concurred that this case should be federally prosecuted on these charges.

12. LUM was taken to the United States Marshal Service's office in Wilmington, Delaware by S/A Curley and S/A ____Shum and processed. Later that same date, ____appeared before the Honorable Chief United States District Court Judge Gregory M. Sleet for his initial appearance and arraignment. LUM was appointed a member of the Federal Public Defender as counsel.Investigation to continue.

**ATTACHMENTS:**

- Copy of Wilmington Police Report ____dated 7/2/2007

- Copy of Justice of Peace Court 20 Search Warrant for 3001 North Madison Street, Wilmington, Delaware, 19802

- Copy of Criminal Complaint 07-120M against Stanley Delano Lum.

- Copy of ATF arrest pack for Stanley Delano Lum.

ATF EF 3120.2 (10-2004)
For Official Use Only

00000006

Lum

<u>WILMINGTON DEPARTMENT OF POLICE</u>
<u>SUPPORT SERVICES DIVISION PROPERTY RECEIPT</u>

**CASE NUMBER:** ▮▮▮▮▮

**EVIDENCE: (X) FOUND: ( ) PERSONAL: ( ) ARREST: (X) INCIDENT: TRAFFICKING**
**COCAINE**
**OWNER'S NAME: N/A**
**DEFENDANT'S NAME/ADDRESS: Stanley Lum 3001 N. Madison St., WILM, DE**
**FOUND AT: 3001 n Madison St**         **BY: M Hall/PIGFORD**

| ITEM | DESCRIPTION |
|---|---|

(1) plastic baggie containing white chunk material (10 grams)
(1) plastic bag containing 23 smallbaggies of white chunk substance (5 grams)
(1) small zip lock baggie of green plant-like material (1 gram)

**SUBMITTING OFFICER:**    **M Hall**      **DATE 07/02/07**   **TIME**_____

**ACCEPTED BY:**_____**DATE 07/02/07 TIME**_____

**WILMINGTON DEPARTMENT OF POLICE**
           **SUPPORT SERVICES DIVISION PROPERTY RECEIPT**

**CASE #:** ▮▮▮▮▮

**EVIDENCE:** *YES*          **ARREST:** *YES*          **INCIDENT:**   *Title 16 / Gun*
**OWNER'S NAME AND ADDRESS:**
**DEFENDANT'S NAME AND ADDRESS:** *STANLEY LUM, 3001 N Madison St, Wilmington, DE*
**FOUND AT:** *3001 N Madison St, 2nd floor middle bedroom (Lum's)* **FOUND BY:** *M Hall*

*Timberland shoe box containing:*
  1. *One ceramic plate with razor blade, and a baggie containing numerous small zip lock baggies. (located in dresser, right side, middle drawer)*
  2. *Two IDs of Stanley Lum, one DOC probation ID and one State of DE ID. (located in dresser, right side, middle drawer)*
  3. *One blue shaving bag. (Gun and Ammo was located in same and later TOT to EDU)*

**SUBMITTING OFFICER:** ▮▮▮▮▮ *Hall*          **DATE:** 07/02/07          **TIME:**

**ACCEPTING SGT:**          **DATE:** 07/02/07          **TIME:**

City of Wilmington
State of Delaware

**IN THE**
**JUSTICE OF THE PEACE COURT 20**
**CITY OF WILMINGTON**
**STATE OF DELAWARE**

IN THE MATTER OF:
**Stanley Lum 02/09/85**                    ) **DAYTIME**
**3001 N. Madison St.**                         ) **SEARCH**
**Wilmington, DE 19802**                      ) **WARRANT AND**
**AND ANY AND ALL CURTILAGES**      ) **RETURN**


NEW CASTLE COUNTY)
                                            )    SS
STATE OF DELAWARE)


**BE IT REMEMBERED, on this 30th DAY OF Jun 2007.**

Before me, the Honorable Judge [____] _LOPEZ_____ personally appeared
Det. George Pigford who being by me duly sworn do depose and say: That there is reason to
believe and that they do believe that located in or near:

**3001 N. Madison St. Wilmington, DE 19802**

Which is owned or occupied by: **Renee Payne D.O.B. 09/08/50 and/or Stanley Lum
D.O.B. 02/09/85.**
That there has been and/or is now and/or will be located and/or concealed property, articles,
Papers, or things, in or at on said person(s), place(s), and/or thing(s), or on the occupant(s)
Thereof namely:

1.   A .40 caliber firearm or ammunition.
2.   Any picture, identification, mail, papers, or other materials related to the possible
     identity of the owner's children.
3.   The body of Stanley Lum D.O.B. 02/09/85 for current photographs and/or
     fingerprints.


Which said property, articles, and/or things were, are or will be possessed and/or used, and/or
represent evidence of a violation of Delaware Criminal Code, **Title 11, Section 0613, Assault
1st.**

And, the facts tending to establish probable cause for believing that foregoing grounds
for the application exists as follows:

IN THE
JUSTICE OF THE PEACE COURT 20
CITY OF WILMINGTON
STATE OF DELAWARE

IN THE MATTER OF:

Stanley Lum D.O.B. 02/09/85                ) DAYTIME
3001 N. Madison St.                        ) SEARCH
Wilmington, DE 19802                       ) WARRANT AND
AND ANY AND ALL CURTILAGES                 ) RETURN

**THE STATE OF DELAWARE TO:** Det. George Pigford, with the assistance of any police
officer or constable or any other necessary or proper person(s) assistance.

**GREETINGS;** Upon the annexed affidavit and application or complaint for a search
Warrant, as I am satisfied that there is probable cause to believe that in or at;

### 3001 N. Madison Street WILMINGTON, DE 19802

Certain property namely;
1. A .40 caliber firearm or ammunition.
2. Any picture, identification, mail, papers, or other materials related to the possible
   identity of the owner's children.
3. The body of Stanley Lum D.O.B. 02/09/85 for current photographs and/or
   fingerprints.

Which said property, articles, papers, or things were, are, or will be used and/or
possessed and/or represents evidence of a violation of the Delaware Criminal Code, **Title 11,
Section 0613, Assault 1st.**

**NOW, THEREFORE, YOU ARE HEREBY COMMANDED,** within ten days of the
Date hereof to search the above named person(s), place, or thing for the property specified in the
annexed affidavit and application, which is hereby incorporated herein by reference, and serving
this warrant in the daytime, if the property, papers, articles or things of any part thereof, be found
here, to seize it, prepare a written inventory of the property seized, and to return the property and
his warrant to me forthwith, with the written inventory and the person(s) in whose custody or
possession the property was found, to be dealt with according to the law.

DATED THIS 30th DAY OF JUN

_____
Justice of the Peace Court 20

**SEE ATTACHED TEXT**

1.    Your affiant can truly state that he is employed as a police officer by the City of Wilmington, and was acting in his official capacity on the date of this incident. Your affiant is currently assigned to the Criminal Investigations Division. This incident did occur in the City of Wilmington, County of New Castle, State of Delaware.

2.    On 06/30/07 at approximately 0405 hrs. Wilmington Police responded to the area of 30th and N. Madison St.'s in reference to a shooting that had just occurred. When the police arrived they located an adult male witness and adult male victim who had been shot in the hip. Emergency Medical Services arrived and began to attend to the injured person while the witness gave the following description of events.

3.    The witness stated that he and the victim, ▮▮▮▮▮▮▮, were walking in the area of 30th and N. Madison St.'s and observed two subjects arguing in the street. One of the subjects (later identified as the suspect) stated to the other subject, "Stop hanging in front of my moms house." ▮▮▮▮ recognized one of the subjects and said hello to same. The other subject, (unknown suspect) then turned his attention to ▮▮▮ and made a statement to the effect of, "Oh now that your boys are here you're gonna do something." ▮▮▮ responded that he had not problem with this suspect and then the suspect then removed a handgun from his waist band, moved closer to ▮▮▮, and put the gun against ▮▮▮ neck. ▮▮▮ said that he was not afraid of the gun and he then pushed the suspect to the ground. ▮▮▮ and the adult male witness then began to run south on Madison St. The suspect then shot approximately 9 rounds in the direction of the fleeing victim and witness. One of those rounds struck the ▮▮▮ in the hip causing a broken pelvis and internal bleeding. ▮▮▮ and the witness then were still running when ▮▮▮ realized that he had been hit. ▮▮▮ fell to the ground and told the witness to continue on and to call the police.

4.    This investigator arrived at the scene and spoke to the witness who gave the same description of events. ▮▮▮ was transported to the Christiana Emergency Room and was unable to be interviewed until a later time.

5.    Located at the scene were 9 spent .40 cal Winchester bullet casings and several fragments of fired bullets.

6.    On 06/30/07 at approximately 1700 hrs., this investigator was able to interview ▮▮▮. ▮▮▮ gave the same description of events and stated that recognized the suspect who had shot him but he does not know his name. ▮▮▮ stated that he knows that the suspect's mother lives at 3001 N. Madison St., and he has seen the suspect in front of the house in the past. ▮▮▮ described the house both by address and description stating that the house had a handicapped ramp up to the front door. ▮▮▮ described the suspect as a black male, approximately 5'6" to 5'8" and 140-150 lbs., with a small mustache and longer hair. Goode stated that he would be able to identify the suspect if he saw him again.

7.    Based on the information received from the victim, writer performed a public records check and identified the owner of 3001 N. Madison St. Wilmington DE as Renee Payne 09/08/50 with a registered phone number of 302-762-7917. Writer also perfomed a DELJIS check of motor vehicle records and learned that Payne has a registered address of 3001 N. Madison St. Renee Payne is listed as being disabled. Writer then performed a reverse phone number search and learned that this number is also registered to Stanely Lum BMN 02/09/85 Stanley Lum is listed as 5'8" tall and 150 Lbs. and has a home address of 3001 N. Madison St. Writer then checked DELJIS records for Stanley Lum and learned that his mothers name is Renee Payne. No other subjects were located that reside at 3001 N. Madison St.

8.    Writer checked police records and could only find an outdated picture of Lum that is 4 years old.

9.     This investigator then checked the residence located at 3001 N. Madison St. and observed that the house does have a wheel chair ramp to the front door and is clearly marked as 3001 N. Madison St.

**WHEREFORE,** your affiant prays that a search warrant be issued authorizing the search of;

### 3001 N Madison St. Wilmington DE 19802

In a manner prescribed by law in the Daytime hours.

SWORN TO, or subscribed this 30th Jun 2007

Affiant
Det.        Pigford
Wilmington Department of Police

Justice of the Peace Court
City of Wilmington
State of Delaware

AO 91 (Rev. 12/93) Criminal Complaint

## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

Criminal Complaint

v.

CASE NUMBER:  07- *120M*

Stanley Delano Lum

Defendant

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of

my knowledge and belief.  On or about July 2, 2007 in the District of Delaware, Defendant Stanley Delano Lum

did knowingly:

1) possess in and affecting interstate and/or foreign commerce, a firearm and ammunition,  after having been
convicted on or about February 9, 2004, in  New Castle County Delaware Superior Court, of a crime
punishable by imprisonment for a term exceeding one year, in violation of Title 18,  United States Code
Section(s)  922(g)(1) and 924(a)(2);

2) possess with intent to distribute in excess of 5 grams of cocaine base,
in violation of Title 21, United States Code, Section(s) 841(a)(1) and (b)(1)(B);

3) possess a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code
Section 924 (c).

I further state that I am a Special Agent, Bureau of Alcohol Tobacco Firearms and Explosives
and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

Curley - S/A ATF

Curley
Special Agent, ATF

Sworn to before me and subscribed in my presence,

July, 2nd, 2007                          at            Wilmington, DE
Date                                                                   City and State

Honorable ▓▓▓ Sleet
Chief United States District Court Judge
Name & Title of Judicial Officer                          Signature of Judicial Officer

00000013

# EXHIBIT A3

## AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF CRIMINAL COMPLAINT
## AGAINST STANLEY DELANO LUM

1.   Your affiant is ATF Special Agent ▮▮▮▮ Curley. Your affiant has been a law enforcement officer for over 5 years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, (ATF). During that time, my duties have included the investigation of federal and state firearms and narcotics offenses. Your Affiant has previously been a police officer and later police detective with the Pittsburgh Pennsylvania Bureau of Police from February 1992 to September 2001. During that time I was detailed as a Federally Deputized Task Force Officer to the Drug Enforcement Administration, (DEA) United States Department of Justice, from June 1997 to June 1999.  As a DEA Task Force Officer, your affiant has received specialized training in drug law enforcement; to include the trafficking of controlled substances. During the course of your affiant's law enforcement career, your affiant has also received specialized law enforcement training on the investigation of firearms and narcotics offenses on numerous occasions.  During the course of your affiant's law enforcement career, your affiant has participated in the seizure of over seven hundred firearms and has conducted numerous investigations of firearms and narcotics offenses, as well as numerous conversations about the facts and circumstances of firearms and narcotics offenses with the investigating officers of those firearms and narcotics offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on July 2, 2007, in  the City of Wilmington, State and District of Delaware, as stated to your affiant by Wilmington Police Detectives with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant, STANLEY DELANO LUM from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction on or about February 9, 2004 for Attempt to Commit a Crime, a felony E, in the Superior Court for New Castle County, in and for the State of Delaware, and this conviction is for a crime punishable by imprisonment for a term exceeding one year.

5. Based upon information stated to me by a Wilmington, Delaware Police Detective who has personal knowledge of the below facts your affiant learned the following.

   a.  On June 30, 2007, Wilmington Police Detectives applied for and received a Delaware State issued search warrant for a specified address in Wilmington, Delaware, 19802, from the Justice of the Peace, Court 20, located in the city of Wilmington Delaware.

   b.  On July 2, 2007, Wilmington Police Detectives executed the Delaware State issued search warrant on that address in Wilmington, Delaware, 19802.

c. Pursuant to that search warrant, Wilmington Police Detectives located the defendant STANLEY DELANO LUMB in the middle second floor bedroom. Wilmington Police Detectives recovered the following in the middle second floor bedroom:

- one small zip lock baggie with a green plant like substance from the bed were LUM had been sleeping, believed to be marijuana by the Wilmington police Detectives.

- a clear plastic baggie containing 23 smaller knotted plastic baggie corners that each contained an off white chunky substance, believed to be cocaine base by the Wilmington Police Detectives was located in the dresser in the bed room. Wilmington Police Detectives weighed this at approximately 5 gross grams Detectives also recovered a ceramic plate with suspected cocaine base residue razor blades and small green and white plastic baggies, common paraphernalia for the distribution of illegal drugs as well as two identification cards for the defendant STANLEY LUM, one a Delaware State issued identification card and the other a Delaware State issued Department of Corrections card from this same drawer.

- A loaded Harrington and Richardson brand, model 732, six shot, .32 Smith and Wesson caliber, revolver was located along with a box for 50 rounds of Remington brand .32 S&W rounds. The box only contained a total of 43 rounds. These items were recovered by Wilmington Police Detectives from shaving kit that was on top of a totes styled container next to the bed, near the dresser.

- Wilmington police Detectives also located inside of a coat hanging on the closet door in that room another clear plastic sandwich baggie with an off white chunky substance, also believed to be cocaine base. Wilmington police Detectives weighed this at approximately 10 gross grams, bringing the total to approximately 15 gross grams of suspected cocaine based recovered from the room.

d. The suspected controlled substances were field tested by Wilmington Police Detectives for their respective illegal drugs and all presumptive tests yielded a positive result for the respective illegal drugs referenced in sub paragraph "c". Furthermore, your affiant believes based upon the lack of paraphernalia commonly used for the introduction of controlled substances into the body, the quantity and packaging of the illegal drugs, and the packaging and distribution equipment located in the dresser drawer, and his training and prior experience that LUM was distributing the controlled substances.

e. In a post Miranda statement, LUM made a taped confession to your affiant to being a convicted felon, the possession of the firearm, ammunition and illegal narcotics recovered in the second floor middle bedroom. LUM admitted to selling drugs since December of 2006 for extra money. LUM admitted to distributing approximately "an eight ball" approximately 1/8 of an ounce, or 3.5 grams a week in "Dimes" at $10.00 piece which is approximately .10 to .20 grams of cocaine base and profited approximately $150.00 per week. LUM further admitted that he possessed the firearm as protection. LUM admitted that he kept the gun because he was afraid that he might be robbed because of his sale of

illegal drugs, citing personal, past knowledge of such events.

6. I am an ATF Agent who has been expertly trained and experienced in determining the interstate nexus of firearms, and have been admitted as such in the United States District Court in and for the District of Delaware. Your affiant personally viewed the firearm and knows that the Harrington and Richardson, model 732, six shot, .32 Smith & Wesson caliber revolver was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce prior to its recovery by law enforcement in Delaware. Furthermore the recovered firearm is a firearm as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(3).

7. I am an ATF Agent who has been expertly trained and experienced in determining the interstate nexus of ammunition, and have been admitted as such in the United States District Court in and for the District of Delaware. Your affiant personally viewed the ammunition and knows that the .32 Smith & Wesson caliber ammunition, marked R-P 32 S&W was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the ammunition had crossed state lines prior to its possession in Delaware and such that the possession of that ammunition in Delaware affected interstate and/or foreign commerce prior to its recovery by law enforcement in Delaware. Furthermore the recovered ammunition is ammunition as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(17)(A) .

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g)(1) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm and ammunition, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and 21 USC 841(a)(1)and(b)(1)(B) relating to possession with intent to distribute controlled substances, namely cocaine base in excess of 5 gram and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924 (c) and respectfully requests that the Court issue a Criminal Complaint charging those offenses.

_Curley – S/A- ATF_

Special Agent, ATF

Sworn to and subscribed in my presence
this 2nd day of July, 2007

Honorable ████ Sleet
Chief United States District Court Judge
District of Delaware

**Lum, Stanley**       Mon Jul 02, 2007    Page 1
                       9:41 AM
Discharge Instructions from:
Paul Anderson, MD / Stephanie Zarefes, MD
Christiana Care Health Services - Wilmington Hospital

Christiana Hospital, 4755 Ogletown-Stanton Rd,Newark,DE  302-733-1000
Wilmington Hospital, 14th & Washington St, Wilmington,DE 302-733-1000

CONTINUE YOUR CURRENT MEDICATIONS AS PRESCRIBED BY YOUR PRIVATE
PHYSICIAN(S) UNLESS OTHERWISE INSTRUCTED BY YOUR EMERGENCY DEPARTMENT
PROVIDER HERE TODAY.

DIAGNOSIS:  Taser darts in back, removed

**TETANUS IMMUNIZATION:**
You have received an immunization booster shot against tetanus and diphtheria.  Tetanus (lockjaw) is a
severe bacterial infection that kills half the people that get it.  The germ enters the body through a skin
wound - and can occur with very minor wounds.

If you have never had the primary series of immunizations against tetanus, you may receive an injection
of tetanus immune globulin to give you immunity now. It is recommended that you receive a booster
shot for tetanus and diphtheria every 5-10 years.

Side effects of the injection usually includes mild localized pain, redness, and swelling.  This can be
treated with cold compresses and mild pain medicine.  More significant reactions are rare because the
tetanus toxoid is not made any more with horse serum, which used to cause severe allergic reactions.
Infections can sometimes occur.

**NOTIFY YOUR DOCTOR or return here in case of the following:**
   - **Significant fever.**
   - **Signs of infection - redness or red streaks, swelling, increasing pain, or pus drainage.**
   - **Difficulty moving the extremity that was injected.**

FOLLOW UP INSTRUCTIONS: Your Physician
**Call Your Physician today or as soon as possible.**  Let the office know that you were seen in the
Emergency Department and that you were told to call the office to arrange a follow-up visit.

OTHER INSTRUCTIONS:
Return for any shortness of breath, worsening pain at sites, fever, drainage from wound other than pus.

---- Instructions are continued on next page. ----

**Lum, Stanley**        Mon Jul 02, 2007    Page 2
                        9:41 AM

=====================================================
I understand any medication given to me to take home must be kept out of the reach of children
=====================================================

I understand that the treatment I have received was rendered on an emergency basis only and that further treatment may be necessary. I have been given a copy of the above instructions. I understand these instructions; and I will arrange for follow-up care as outlined above. If my condition worsens, I will call my doctor or return to the Emergency Department.

_____(Signature)

Circle One: PATIENT   PARENT   SPOUSE   RELATIVE   FRIEND   GUARDIAN

=====================================================
Please take these instructions with you to your next doctors office visit whether it be your primary care doctor or a any specialist you are scheduled to see.
=====================================================
PHYSICIAL REFERRAL:If you need assistance obtaining a local physician or dentist you may call the "Christiana Care Referral Service" help line at 302-428-4100.
=====================================================

Manual

STANLEY DELANO LUM
3001 NORTH MADISON STREET
Wilmington De 19842
(302) 762-® 7917
2-9-85          22 YOA
BORN Delaware
Not of on P+P
Arrested Attempled ROBBERY
Plea 2 year @ Level 3 probation
Felony

mom - Renee Penye
Aunt - Brenda - LNU
Lived ALL his Life
1 BRO  > live on own
1 Sis  >

HUSTLE   8 ball cRACK week
Dime - $5   Rock

      make   $150   cost $80
December    extra money
      Need Job
30th + madison

protection    used Rob DRug Dealer
Affraid he might be robbed

Found gun little bushes
12st week Tuseday in
bag
        30TH & MADISON

Last night    Stuff in Bedroom his
                Gun & Drugs

        SATURDAY morning sleep

    Shot infront of house 5 AM
    car pull up  Dude push Dude
    Shots Fired
        came out  8-9  am

00000020

MODEL 732
32 S&W
6 Shot
Blwed

H&R INC WORC, MASS USA
AL 4958L

R-P    32 S&W    (49 Rounds)

AL 49581

H+R INC.

Model 732
    32 S+W

2 Baggies of crack -
    ① = 1 bag beige chunck         10 g.       Positive
    2 - 1 baggie w/ 23 chunks       5 g.

                                                Black Jacket.
                                                Hanging on WOSR
                                                Closet Door

1 baggie of Marejuana - 1g.                     in dresser - Right side
                                                & middle 2nd
                                                Drawer
Timberland Box                                  w/ Lums Two
- Blue    Shaving bag - (where gun was Found)   IDs
              2 IDs   Stanley Lum
                   One DE ID
                   one DOC Probation ID }   where crack was Found.

- a - plate w/
    - Rozor Blade w/ sedin - Field Test positive
    - news small zip lock baggies

EXHIBIT B

'D-65

3001 N. Madison St.

- Renu
- ~~Reue~~ Payne owner

- Ward, Brenda

[redacted]

07-
3001 N. Madison St.
S-1
Fisher, Julian Donte (20)

[redacted]

33.0 g
⇒ ~~30.57~~ g crack cocaine
level 3 Probation.
1-27.0 g Rock on Plate 33.0
S-2 Lum, Stanley
02/09/85

00000044

30-07-58920
06/30/07 Ih,
30 E Madison



9 casings   .40 cal
.3 projectiles lt.  C.V.
sus. vehicle grey ~~vehicle~~.

w-1



20's
Lt. skin Male about
5' 7"   120lb
Cannot ID
suspect fired @ 3001 N Madison
sus. fired



EXHIBIT B1



Room 5-D CER

⇒ 3001 N Madison st.

yellow bulding on corner
5-1's moms house
5-1              Lt.
= BM 25       brown 5'6-5'8"
new black car     Saab   140-150
hair       longer
small mustache

Gictions
of vic

DEFENDANT'S
EXHIBIT
5
ALL-STATE LEGAL®



Reverse Address.
3001 N Madison St.
— owner of 3001 N Madison | lic #
Payne, Rena L. | 780646
762-7917
09/08/50

Marie Lum &
Stanley Lum Jr.

762-7917 used by Lum '03

ORAL WARNINGS TO BE GIVEN
TO A SUBJECT PRIOR TO
INTERROGATION

Before we ask you any questions, you
must understand:

— You have the right to remain silent.

— Anything you say can be used
against you in court.

— You have the right to talk to a
lawyer for advice before we ask
you any questions and to have a
lawyer with you during questioning.

— If you cannot afford a lawyer, one
will be appointed for you before
any questioning if you wish.

Do you understand ?

Are you willing to answer some
questions ?

DEA-13A (6/84)

TO BE USED BY SPANISH
SPEAKING AGENTS ONLY

DECLARACION DE DERECHOS

Antes de hacerle algunas preguntas,
usted tiene que entender:

— usted tiene el derecho de permanecer
callado.

— cualquier cosa que usted diga, se puede
usar en su conira en la corte.

— usted tiene el derecho de consultar con
un abogado, antes de hacerle algunas
preguntas, y tener dicho abogado
presente durante el interrogatorio.

— si usted no puede pagar para los
servicios de un abogado, uno sera
nombrado para usted, antes de
cualquier interrogatorio, si usted desea.

entiende usted ?

esta dispuesto a contestar algunas
preguntas ?