## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-103-JJF |
| | : | |
| STANLEY LUM, | : | |
| | : | |
| Defendant. | : | |

## RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

**NOW COMES** the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shawn A. Weede, Assistant United States Attorney for the District of Delaware, and hereby responds to Defendant's Supplemental Motion to Suppress Physical Evidence and Statements (D.I. 24), as follows:

1.      On December 17, 2007, the parties appeared before the Court for a suppression hearing pursuant to the defendant's initial Motion to Suppress Physical Evidence and Statements (D.I. 12). At the outset, prior to any testimony being given, the government argued that the Court should limit the scope of the hearing to the search conducted at the defendant's residence and the circumstances surrounding the defendant's statement, as an evidentiary hearing was unnecessary for the third issue raised by the defense – that is, whether the search warrant for the defendant's residence was supported by probable cause.

2.      The defense argued that it should nevertheless be allowed to cross-examine the affiant of the search warrant, Wilmington Police Detective George Pigford, on the contents of his affidavit under the rationale of Franks v. Delaware, 438 U.S. 154 (1978). The government

responded that the defendant was not entitled to a <u>Franks</u> hearing, in that he had not met (or even attempted to meet) the required threshold showing necessary for such a hearing.  The Court granted the defendant leave to file a supplemental motion to articulate the basis of his <u>Franks</u> argument, which the defendant filed on January 22, 2008 (D.I. 24).

   3. An affidavit to a search warrant is presumed to be valid.  <u>United States v. Yusuf</u>, 461 F.3d 374, 383 (3d Cir. 2006).  Accordingly, in order for a defendant to challenge the truthfulness of statements made in an affidavit of probable cause, he must first make a "'substantial preliminary showing' that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth, which is material to the finding of probable cause."  <u>Id.</u>  This standard ensures that such hearings will not be misused for "purposes of discovery or obstruction." <u>United States v. Marranca</u>, 98 Fed. Appx. 179, 182 (3d Cir. May 28, 2004).

   4. In order to meet this standard, the defendant cannot rest on mere conclusory allegations, but rather must specifically identify the purported false statements or omissions, and then explain why said statements were false or, for omissions, why they should have been included in the affidavit.  <u>Franks</u>, 438 U.S. at 171.  Further, the defendant must make an "offer of proof" as to the alleged deliberate falsehoods by providing the Court with "[a]ffidavits or sworn or otherwise reliable statements of witnesses," or at least satisfactorily explain their absence.  <u>Id.</u>

   5. The defendant, in his supplemental motion, has failed to make the threshold showing necessary for a <u>Franks</u> hearing.  In paragraph 3, the defendant merely identifies several statements contained in the search warrant affidavit and one purported omission.  Not only does the defendant fail to provide any evidence (such as affidavits, statements) to substantiate his motion, more importantly, he fails to articulate how the identified statements are false or misleading at all.

Franks, 438 U.S. at 171. ("[The defendant] should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons."). Moreover, in paragraphs 4 and 5, the defendant merely makes generalizations, and does not specifically identify any statements in the affidavit, much less articulate how those unidentified statements are false. Id. (holding that, to warrant an evidentiary hearing, a challenger must make more than "conclusory" allegations). Lastly, the defendant does not articulate how any statements were made with the intent to mislead or are "material" to the search warrant affidavit. See Yusuf, 461 F.3d at 384 (stating that a misstatement is "material" only if, after said statement is excised from the search warrant affidavit, probable cause no longer exists).

**WHEREFORE,** the United States requests that the Court deny, without a Franks hearing, Defendant's Supplemental Motion to Suppress Physical Evidence and Statements.

Respectfully submitted,

COLM F. CONNOLLY
UNITED STATES ATTORNEY

/s/ Shawn A. Weede
Shawn A. Weede
Assistant United States Attorney

Dated:   January 30, 2008