IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-103-JJF |
| STANLEY DELANO LUM, | : | |
| Defendant. | : | |

**<u>DEFENDANT'S MOTION IN LIMINE TO BIFURCATE</u>**

Defendant, Stanley Lum, by and through his undersigned counsel, Edson A. Bostic, Federal Public Defender for the District of Delaware, hereby moves this Court, pursuant to Fed.R.Crim.P. 14, for an Order bifurcating the proceedings and severing Count Three, which charges him with possessing a firearm in and affecting interstate commerce, from Counts One and Two, which charges him with the intent to distribute more than five grams of crack cocaine and possessing a firearm in furtherance of a drug trafficking crime, respectively.

As grounds for this motion, Mr. Lum submits as follows:

1.   Mr. Lum is charged in a three-count Indictment with possession with intent to distribute more than five grams of crack cocaine base ("crack"), a controlled substance, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and possessing a firearm in and affecting interstate commerce, to wit, a Ruger, model MKII, .22-caliber pistol, serial number 214-92208, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three).

2.   Mr. Lum's trial is scheduled to begin on July 15, 2008.

PDF created with pdfFactory Pro trial version www.pdffactory.com

3. Mr. Lum respectfully requests that the Court: (1) bifurcate the proceedings and sever Count Three from Counts One and Two; and (2) allow the jury to deliberate and to return a verdict on Counts One and Two before hearing evidence as to his prior conviction status and deliberating on Count Three. The defense is prepared to stipulate that Mr. Lum has a prior felony conviction.

4. Rule 14 of the Federal Rules of Criminal Procedure states, in pertinent part, that "[if] the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires." Id. Mr. Lum submits that evidence of his prior felony conviction would prejudice the jury in deciding Count One of the Indictment.

5. In United States v. Joshua, 976 F.2d 844 (3d Cir. 1992) (*abrogated on other grounds by* Stinson v. United States, 508 U.S. 36 (1993)) the Third Circuit approved of bifurcation as a trial strategy that "strikes the appropriate balance between concern about prejudice to the defendant and considerations of judicial economy." Id. at 847, n.5. Other courts have followed the Third Circuit's endorsement of the bifurcation of proceedings. See e.g., United States v. Plummer, No. 2:05-cr-336, 2007 WL 2973712 (W.D. Pa. 2007) (granting motion to sever counts and ordering three separate trials); United States v. Barnes, No. CRIM. 05-CR-134, 2005 WL 2994698 (E.D. Pa. Aug. 8, 2005) (granting the defendant's motion to bifurcate the possession of a firearm by a felon charge from the other charges). See also, United States v. Dockery, 955 F.2d 50, 53 (D.C. Cir. 1992) ("The exclusion of other crimes evidence is not simply a 'technicality' designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence.").

PDF created with pdfFactory Pro trial version www.pdffactory.com

6.      Here, Mr. Lum's felon status would prejudice the jury in deciding Counts One and Two of the Indictment. To avoid that undue prejudice, the jury should consider Count Three separately from Counts One and Two. Neither the jury nor the Court would be unduly inconvenienced if the charges are severed because the defense will stipulate to Mr. Lum's prior felony status, and the jury would already be required to determine if Mr. Lum possessed a firearm when considering Count Two of the Indictment. Therefore, the only issue that would remain would be for the jury to determine that he was previously convicted of a felony.

**WHEREFORE**, for the foregoing reasons, Mr. Lum respectfully requests that the Court issue an Order bifurcating the proceedings and severing Count Three, which charges him with possessing a firearm in and affecting interstate commerce, from Counts One and Two, which charges him with the intent to distribute more than five grams of crack cocaine and possessing a firearm in furtherance of a drug trafficking crime, respectively.

Respectfully submitted,

/s/ Edson A. Bostic
EDSON A. BOSTIC
Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com

Attorney for Defendant Stanley Lum

Dated: June 18, 2008

PDF created with pdfFactory Pro trial version www.pdffactory.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-103-JJF |
| STANLEY DELANO LUM, | : | |
| Defendant. | : | |

### ORDER

Having considered Defendant's Motion in Limine to Bifurcate,

**IT IS HEREBY ORDERED** this _____ day of _____, 2008, that the charge of Felon in Possession of a Firearm, representing Count Three of the Indictment, be bifurcated for trial from the charges of Possession with Intent to Distribute Five or More Grams of Cocaine Base and Possession of a Firearm During a Drug Trafficking Crime, representing Counts One and Two of the Indictment; and the jury will deliberate on Counts One and Two prior to hearing evidence of the defendant's prior conviction.

_____
**HONORABLE JOSEPH J. FARNAN, JR.**
United States District Court Judge

PDF created with pdfFactory Pro trial version www.pdffactory.com