IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-103-JJF |
| | : | |
| STANLEY LUM, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE OF PRIOR
CONVICTION PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

**I.     INTRODUCTION**

Defendant, Stanley Lum has been charged in a three-count Indictment which alleges that on or about July 2, 2007, Mr. Lum violated the following laws: (1) knowingly possessing with the intent to distribute more than five grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) knowingly carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) knowingly possessing a firearm in and affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Lum has a prior felony conviction, which if he testifies at trial, the government should be precluded from using for impeachment purposes.

The defendant's prior conviction consists of the following[1]:

1.     February 9, 2004; pleaded guilty to attempted robbery, a class E felony.

---

[1]Additionally, on September 22, 1999, Mr. Lum was charged with attempted rape second degree and unlawful sexual contact. On May 1, 2002, the attempted rape charge was nol-prossed. Disposition on the offensive touching is unknown.

PDF created with pdfFactory Pro trial version www.pdffactory.com

Mr. Lum's prior conviction is inadmissible under Federal Rule of Evidence 609. Attempted robbery lacks the element of dishonesty or false statement, as required for automatic admission under Rule 609(a)(2). Furthermore, under Rule 609(a)(1), this conviction does not have any probative value which would outweigh the prejudicial effect on the defendant. The prior conviction of attempted robbery creates the prejudicial perception that the defendant has the propensity for committing crimes. This prior conviction only illegitimately tarnishes Mr. Lum's character and is not probative of Mr. Lum's character for veracity.

## II.   DISCUSSION

### A.   Federal Rule of Evidence 609(a)(2) Prohibits the Government's Use of Stanley Lum's Prior Convictions to Impeach Him Because They Are Not *Crimen Falsi*

Stanley Lum's prior conviction for attempted robbery is inadmissible under Federal Rule of Evidence 609(a)(2). Rule 609(a)(2) provides in relevant part:

> (i)    General rule. For the purpose of attacking the credibility of a witness; and
> (ii)   evidence that any witness has been convicted of a crime shall be admitted if it involves dishonesty or false statement, regardless of the punishment.

The Third Circuit in <u>United States v. Felix</u>, 221 Fed.Appx. 176 (3d Cir. 2007) held that robbery cannot be admitted under Rule 609(a)(2) because it is not a crime of dishonesty for purposes of impeachment. <u>Id.</u> at 177. (<u>See also</u> <u>Walker v. Horn</u>, 385 F.3d 321, 334 (3d. Cir. 2004)(cross examination on robbery seems improper..because forced taking is the main fact). Therefore, Mr. Lum's prior conviction for attempted robbery is inadmissible under Federal Rule of Evidence 609(a)(2).

### B.   Federal Rule of Evidence 609(a)(1) Also Excludes Mr. Lum's Prior Conviction Because it is Prejudicial and not Probative

2

PDF created with pdfFactory Pro trial version www.pdffactory.com

Pursuant to Federal Rule of Evidence 609(a)(1), evidence that the accused has been convicted of a felony offense is *only* admissible if the Court determines that the probative value of an old prior conviction outweighs its prejudicial effect. Id. Under the Rule 609(a)(1) analysis, unlike the analysis under Rule 403, the government has the burden of proving that the probative value of the defendants prior conviction outweighs it prejudicial effect on him. U.S. v. Miller, 2004 WL 2612420 (E.D.Pa.).

In order to make this determination, the Third Circuit has recognized several factors, namely: (1) the kind of crime involved, (2) when the conviction occurred, (3) the importance of the witness' testimony to the case, and (4) the importance of the credibility of the defendant. United States v. Greenridge, 495 F.3d 85, 97 (3d Cir 2007)(citing: Government of Virgin Islands v. Bedford, 671 F.2d 758, 761 n. 4 (3d Cir. 1982)).

### 1.    The Kind of Crime Involved

Mr. Lum is currently charged with knowingly possessing with the intent to distribute more than five grams of a mixture and substance containing a detectable amount of cocaine base; knowingly carrying a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon. He was previously convicted of attempted robbery.

In United States v. Hart, 1997 WL 634519*2 (E.D. Pa. 1997), the court excluded impeachment evidence concerning the defendants prior conviction for a robbery where the defendant was charged with illegal possession of a firearm. The Hart court stated: "the notion of possession of a firearm is instinct with the notion of force or the ability to do force. Id. There is therefore an elevated potential for the jury to draw an impermissible inference if allowed to hear [evidence] concerning the defendants prior robbery convictions". Id.

Similar to the defendant in Hart, Mr. Lum's previous conviction for attempted robbery has a

3

PDF created with pdfFactory Pro trial version www.pdffactory.com

prejudicial effect that outweighs its probative value for truthfulness. There is a substantial likelihood that the jury will make the inference that because Mr. Lum previously possessed a firearm, he likely possessed a gun in the instant case. This is the kind of prejudice that Rule 609(a)(1) is designed to prevent. Therefore the first prong of the <u>Bedford</u> test weights against admitting Mr. Lum's previous conviction for attempted robbery.

Further, it is very unlikely that any limiting instruction will successfully steer the jury into considering this evidence in the context in which it is presented by the government. Anecdotal evidence, and precedent, not to mention social science studies, make it quite clear that the jury cannot perform the mental acrobatics the Government would require of them, and further, that a limiting instruction would be useless. <u>Footman</u>, 33 F.Supp.2d at 62. This substantive potential for unfair prejudice to Mr. Lum outweighs any potential value his prior conviction may have.

**2.     When the Conviction Occurred**

Mr. Lum was previously convicted of attempted robbery in 2004. The passage of time greatly undermines any probative value Mr. Lum's prior conviction may have.

> Although the age of the conviction reduces the probative impeachment value of the crime, it does not meaningfully mitigate any prejudicial effect. Especially in light of [defendant's] lack of subsequent convictions, this factor clearly argues against admission.

<u>Robinson v. Clemons</u>, NO. CIV. A. 96-405 MMS, 1998 WL 151285 at *3 (D. Del. Mar 24, 1998); <u>See</u> <u>also</u>, <u>Miller v. Hoffman</u>, NO. CIV. A. 97-7987, 1999 WL 415402 at *3 (E.D. Pa. Jun 22, 1999).

In the present case, Mr. Lum's conviction occurred in 2004. Mr. Lum has not been convicted of any other crimes since that time. <u>Cf.</u> <u>US v.Miller</u>, F.Supp.2d, 2004 WL 2612420 (stating: the

4

PDF created with pdfFactory Pro trial version www.pdffactory.com

conviction for [previous offense] occurred two years prior to the alleged crime for which defendant is charged. This temporal factor is relatively neutral with respect to admissibility of the [previous offense] Id.). In the case at bar, Mr. Lum's conviction occurred four years ago, and there is a substantial probability that the jury will use this evidence as proof of the current crime charged.

**3.     The Importance of the Defendant's Testimony to the Case and the Importance of the Credibility of the Defendant**

If Mr. Lum testifies, his credibility will be at issue, as with any witness brought before the court. Hart, 1997 WL 634619 at *2. However, Mr. Lum's prior felony conviction provides little insight on his propensity to tell the truth. To the contrary, Mr. Lum's prior conviction for attempted robbery would tend to show only that Mr. Lum may have a propensity to commit criminal acts. The jury may be led to believe that Mr. Lum is presently guilty as charged because he has committed "bad acts" in the past. Admission of this conviction would serve only to confuse the jury. Thus the prejudicial impact of admitting this evidence far outweighs any potential probative value.

Specifically, Mr. Lum's prior conviction is not probative and would be so prejudicial as to taint any chance Mr. Lum may have to receive a fair trial. As soon as the jury hears that Mr. Lum has a previous conviction for attempted robbery, the jury will most likely view Mr. Lum as a violent career criminal who must have committed whatever offense the government has charged against him. Therefore, Mr. Lum's prior conviction should be inadmissible pursuant to Rule 609(a)(1).

## III.     CONCLUSION

In summary, Federal Rule of Evidence 609 bars the government's use of Mr. Lum's prior conviction for attempted robbery in order to impeach him. This conviction does not involve any elements of dishonesty or false statement and cannot be admissible as required for admission under

5

PDF created with pdfFactory Pro trial version www.pdffactory.com

Rule 609(a)(2).  Furthermore, admitting it for impeachment purposes would be highly prejudicial to Mr. Lum, while having no probative value as to his credibility on the witness stand pursuant to Rule 609(a)(1).

If Mr. Lum decides to testify in the instant case, the government should be prohibited from impeaching him with his prior criminal conviction.  Such a ruling is consistent with the fundamental notions of our jurisprudence involving a fair trial untainted by unduly prejudicial evidence that would tend to deflect the attention of the jury away from proof involving the specific crime charged in the instant indictment.  The risk is that if the government is permitted to impeach the defendant with prior convictions, the focus of the jury would be deflected from the issues involving proof of the indictment by the fact finders' belief that the accused is a bad person.  In this context, a limiting instruction may fall on deaf ears. The Federal Rules of Evidence have recognized the issue and developed rules that favor exclusion of such evidence when the witness is the accused.

Accordingly, this Court should grant defendant's motion in limine and exclude any evidence of Mr. Lum's prior conviction.

Respectfully submitted,

 /s/ *Edson A. Bostic*
EDSON A. BOSTIC
Federal Public Defender

Attorney for Stanley Lum

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: July 10, 2008

6

PDF created with pdfFactory Pro trial version www.pdffactory.com